UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MARINA ISABEL LEIVA SABILLON
*As next friend of*
GUSTAVO ENRIQUE LOPEZ
CARDONA,

      Petitioner,

v.

US IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

      Respondent.

No. 6:26-CV-00044-H

## ORDER

Marina Isabel Leiva Sabillon, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus as next friend on behalf of her husband, Gustavo Enrique Lopez Cardona, challenging his detention in the Chippewa County SSM Detention Facility pending immigration proceedings. Dkt. No. 1. She did not pay the filing fee or request to proceed *in forma pauperis*.

As explained below, the Court finds that the petition must be dismissed for lack of jurisdiction.

**1. Jurisdiction**

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 "must be filed in the district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *See also Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.").

The Chippewa County SSM Detention Facility, where Lopez Cardona is confined, is located in Sault Ste. Marie, Michigan, within the jurisdiction of the Western District of Michigan. 28 U.S.C. § 102(b). Ordinarily, the Court would transfer the petition to the appropriate venue. *See* 28 U.S.C. § 1406. But it declines to do so here because it appears that Leiva Sabillon lacks standing to pursue claims on behalf of Lopez Cardona.

2.  **Next-Friend Standing**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not*

actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

Here, Leiva Sabillon is not a lawyer—or even a jailhouse lawyer—and she has no authority to file legal claims on behalf of other individuals. She has not demonstrated that Lopez Cardona is incapable of appearing on his own behalf. She makes no suggestion that Lopez Cardona is incompetent or suffers from any other disability or incapacity. Moreover, she provided no evidence of any disability or incapacity. And although the Court trusts that she is attempting to act in the best interests of Lopez Cardona, her relationship as his spouse alone does not entitle her to next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing

authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Lopez Cardona did not sign the petition, nor is there any suggestion that he is even aware of it. Simply put, Leiva Sabillon has not demonstrated that she is entitled to file a habeas petition on behalf of Lopez Cardona, nor does she have a right to remotely access information about this proceeding.[1] But Lopez Cardona has the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney in a procedurally correct manner and in the right venue.

3.   **Conclusion and Instructions**

As explained above, this petition cannot proceed as filed. The Court lacks jurisdiction to review Lopez Cardona's detention, and Leiva Sabillon lacks standing to pursue habeas relief on behalf of her husband. Thus, the Court dismisses this habeas petition for lack of jurisdiction. This dismissal will not prejudice Lopez Cardona from seeking habeas relief in his own name from a court of competent jurisdiction.

---

[1] Leiva Sabillon mailed the pleading to the Clerk's Office in San Angelo. She did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Leiva Sabillon appears to reside in Fort Worth, Texas, more than 1,200 miles from the Courthouse in Traverse City, Michigan. So even if Leiva Sabillon could legally represent the petitioner—which she cannot—from a practical perspective it would be difficult for her to prosecute this case.

The Court will enter judgment accordingly. All relief not expressly granted is denied, and any pending motions are denied.

So ordered.

Dated February 17, 2026.

                                                    JAMES WESLEY HENDRIX
                                                    United States District Judge